DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES GORFIN,**
Appellant,

v.

**FREDERICK WILLIAM HALL, WOODSIDE CREDIT, LLC,
EXCELL AUTO SPORT AND SERVICE INC.,** a Florida corporation,
**KARMA OF PALM BEACH, INC.,** a Florida corporation,
**AUTO WHOLESALE OF BOCA, LLC,** a Florida limited liability company,
**KRISTEN ZANKL, SCOTT ZANKL, MOSHE FARACHE, LISA FARACHE,
PORSCHE FINANCIAL SERVICES, INC.,** a Florida corporation,
**FRANK EVANS, OMAR PERIU, DAVID AMSEL,
AMIR ROBERT WASIULLAH, ROBERT O'CONNELL, JR.,** and
**LESLIE RAMSAMMY, JR.,**
Appellees.

No. 4D2025-3046

[June 24, 2026]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gregory Miller Keyser, Judge; L.T. Case No. 502022CA004086XXXXMB.

Paul Octavio Lopez, Jonathan Bornstein, and Ryder Gaenz of Tripp Scott, P.A., Fort Lauderdale, for appellant.

Richard Corey of the Law Offices of Richard Corey, PLLC, Fort Lauderdale, for appellee Frederick William Hall.

PER CURIAM

Appellant James Gorfin appeals a nonfinal order granting Appellee Frederick Hall partial summary judgment in the underlying case and providing Hall with the right to immediate possession of an automobile. We reverse because the circuit court misapplied the relevant statute in finding Hall could obtain title to the vehicle if it was constructively delivered to him, and because the record reveals genuine disputes of material fact as to whether the vehicle was physically delivered to Hall.

## I.    Factual and Procedural History

## A. Background

The dispute in this case is part of broader litigation between a finance company, Appellee Woodside Credit, LLC ("Woodside"), and several intertwined car dealerships. The circuit court found the following facts in the order on appeal.

In January 2022, Gorfin agreed to have his 2014 Lamborghini Aventador listed for sale on consignment at one of the dealerships. The dealership retrieved the vehicle from Gorfin's home and began advertising the vehicle. The parties do not dispute that Gorfin entrusted the vehicle to the dealership.

In March 2022, Hall entered into a contract with the dealership to purchase the vehicle for $357,000, with Hall to provide $81,000 and the remaining balance to be financed by Woodside. Hall paid the $81,000 via wire transfer, but was never provided with the vehicle's title. On March 9, 2022, Hall was at the dealership and was provided with a set of keys to the vehicle. However, Hall did not depart with the vehicle, but instead allowed it to be taken to Appellee Excell Auto Sport and Service, Inc. ("Excell") for repairs and installation of an exhaust system which he had previously purchased. Shortly thereafter, Gorfin obtained possession of the vehicle again with the newly installed exhaust system purchased by Hall.

## B. Lawsuit and Crossclaims

In April 2022, Woodside filed suit against the dealerships, their owners, Excell, Gorfin, and Hall. The complaint asserted various claims relating to vehicles which Woodside had financed, including a request for declaratory judgment that Hall owned the vehicle at issue.

Hall filed an answer and affirmative defenses to the complaint, asserting he was a bona-fide purchaser of the vehicle in the ordinary course of business, and had obtained title to the vehicle pursuant to section 672.403, Florida Statutes (2021).[1] Hall also asserted amended crossclaims against the dealerships, their owners, Excell, Gorfin, and Woodside for declaratory judgment, conversion, fraud, unjust enrichment,

---

[1] Section 672.403, which protects good faith purchasers of goods entrusted to a merchant for sale, provides that the entrustment of goods to a merchant gives the merchant the "power to transfer all rights of the entruster to a buyer in the ordinary course of business." § 672.403, Fla. Stat. (2021).

violation of Florida's Deceptive and Unfair Trade Practices Act, replevin, tortious interference with a contract, and civil theft. In these claims, Hall alleged that he "took possession" of the vehicle from the dealership after the sale was completed.

## C. Motions for Summary Judgment

In 2022, Hall filed his first motion for summary judgment regarding seven of his crossclaims. Hall asserted that he was entitled to summary judgment on the issue of who owned the vehicle pursuant to section 672.403, because Gorfin had entrusted the vehicle to the dealership for sale and Hall had purchased the vehicle. In doing so, Hall claimed he had obtained title to the vehicle pursuant to section 672.401(2), Florida Statutes (2021), when the purchase was complete and the vehicle was physically delivered at the dealership.

The circuit court denied the motion after finding Gorfin had provided evidence that "raise[d] genuine issues of material fact, including as to whether Mr. Hall ever received physical delivery and possession of the subject vehicle at the relevant times to support his claims."

In 2024, Hall filed an amended motion for summary judgment raising the same arguments from his first motion. However, Hall also asserted an alternative argument that the vehicle was constructively (rather than physically) delivered to him at the dealership. Gorfin responded that Hall's constructive delivery argument was (1) waived because Hall had raised it for the first time in an amended motion for summary judgment, (2) contradicted by the plain statutory text that required physical delivery, and (3) not grounds for summary judgment because material disputes of fact existed as to whether the vehicle was delivered.

## D. Order on Appeal

Following a hearing, the circuit court issued an order granting Hall's amended motion for summary judgment against Gorfin on the declaratory judgment, conversion, and replevin claims. The court ordered Gorfin to deliver the vehicle to Hall.

The circuit court's order found that based on the undisputed facts, Hall was a bona fide purchaser of the vehicle in the ordinary course of business and the vehicle's rightful owner. In doing so, the court found that "the subject Vehicle's presence at the dealership at the time of execution of the purchase agreement constitutes sufficient delivery for the passage of title to Hall," and the vehicle's presentment to Hall at the dealership on March

9, 2022, "constitutes [the dealership's] delivery, whether actual or constructive, regardless of whether Hall left the subject Vehicle with [the dealership] to have it transported to a repair shop." This timely appeal follows.

## II.    Analysis

Gorfin raises numerous arguments for reversal, but we address only his claims that the circuit court erred in applying Hall's constructive delivery theory to determine whether the vehicle was adequately delivered under section 671.401, and that genuine disputes of material fact preclude a summary finding that the vehicle was physically delivered to Hall.

### A. Jurisdiction, Standard of Review, and Applicable Law

We have jurisdiction over this nonfinal appeal. *See* Fla. R. App. P. 9.130(a)(3)(C)(ii) (providing jurisdiction to review nonfinal orders that determine "the right to immediate possession of property"). We review de novo an order granting summary judgment and issues of statutory interpretation. *Sun Gas Mktg. & Petroleum LLC v. BJ's Wholesale Club Inc.*, 383 So. 3d 118, 121 (Fla. 4th DCA 2024) (citations omitted).

This case involves application of the Uniform Commercial Code ("UCC"), as adopted in Chapter 672, Florida Statutes (2021). *See* § 672.102(1), Fla. Stat. (2021) (providing that subject to nonapplicable exceptions, "this chapter applies to transactions in goods"). The specific statutes at issue are section 672.401, which provides for the passing of title, and section 672.403, which protects good faith purchasers of goods.

Florida's summary judgment rule provides that summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "[T]he correct test for the existence of a genuine factual dispute is whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *In re Amends. to Fla. R. of Civ. P. 1.510*, 317 So. 3d 72, 75 (Fla. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### B. Section 672.401

Gorfin argues that the circuit court erred in applying section 672.401, which provides:

Unless otherwise explicitly agreed title passes to the buyer at

the time and place at which the seller completes her or his performance with reference to the **physical delivery** of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place. . . .

§ 672.401(2), Fla. Stat. (2021) (emphasis added).

Hall's motion asserted that he had obtained ownership of the vehicle and title upon completing the purchase, regardless of whether he received the title certificate. Gorfin's response asserted that section 672.401(2) did not apply because Hall never physically possessed the vehicle.

In determining Hall was a bona fide purchaser of the vehicle, the circuit court acknowledged that Hall did not depart the dealership with the vehicle, but nonetheless noted that Florida law recognized constructive delivery as sufficient delivery. The court then concluded:

> In this case, because the subject Vehicle was presented to Hall at the [dealership] on March 9, 2022 at the time of executing the Purchase Agreement, this constitutes [the dealership]'s delivery, whether actual or constructive, regardless of whether Hall left the subject Vehicle with [the dealership] to have it transported to a repair shop.

Gorfin's appeal argues that the circuit court erred in applying Hall's constructive delivery theory because section 672.401(2) specifically requires "physical delivery." We agree.

Our interpretation of section 672.401(2) starts with its plain language. *Lafrance v. Emile*, 401 So. 3d 379, 380 (Fla. 4th DCA 2025) (citation omitted). "Where the words of a statute are plain and unambiguous and convey a definite meaning, courts must read the statute as written." *Id.* at 380-81 (citation omitted).

Section 672.401(2)'s plain text provides that, unless agreed upon otherwise, title passes to a buyer when the seller physically delivers the goods at issue. To interpret section 672.401(2) to include constructive delivery would impermissibly require ignoring the term "physical." *See State v. Bodden*, 877 So. 2d 680, 686 (Fla. 2004) (citation omitted) ("[W]ords in a statute are not be construed as superfluous if a reasonable construction exists that gives effect to all words."); *State v. Goode*, 830 So. 2d 817, 824 (Fla. 2002) (citation omitted) ("[A] basic rule of statutory construction provides that the Legislature does not intend to enact useless

provisions, and courts should avoid readings that would render part of a statute meaningless.").

This issue is similar to that considered by the Eleventh Circuit in *United States Commodity Futures Trading Commission v. Hunter Wise Commodities, LLC*, 749 F.3d 967 (11th Cir. 2014). There, the Eleventh Circuit was asked to interpret the phrase "actual delivery" under a federal statute. *Id.* at 978-79. The defendants argued that the statute applied to transfers that amounted to constructive, rather than actual, delivery. *Id.* at 979. The Eleventh Circuit rejected this argument, noting that it could not interpret the statute "with a myopic focus on the term 'delivery' at the expense of other language." *Id.* The Eleventh Circuit concluded that "[i]f 'actual delivery' means anything, it means something other than simply 'delivery,' for we must attach meaning to Congress's use of the modifier 'actual.'" *Id.* (citation omitted).

As with "actual delivery" in *Hunter Wise*, if "physical delivery" under section 672.401(2) has meaning, it must not simply be "delivery." 749 F.3d at 979. Section 672.401(2)'s use of the term "physical" modifies the term "delivery" to preclude constructive delivery.

Accordingly, to the extent the circuit court found the vehicle was constructively delivered under section 672.401(2), such a finding was error.

## C. Whether the Vehicle was Physically Delivered to Hall

The circuit court's order found that the "[v]ehicle's presence at the dealership at the time of execution of the purchase agreement constitutes sufficient delivery for the passage of title to Hall." Gorgin's appeal argues the court erred in granting summary judgment because genuine disputes of material fact exist as to whether the vehicle was delivered to Hall under section 672.401(2). We agree with this argument as well.

Hall's amended motion alleged that, at the time of executing the purchase agreement on March 9, 2022, the vehicle was present at the dealership and Hall was provided with a set of keys. However, Gorfin presented evidence that Hall had required certain repairs to the vehicle as a condition of his purchase, used the keys to determine the repairs had not been completed, and returned the keys to the dealership for the repairs to be completed. Gorfin also presented evidence that the dealership requires current insurance on a vehicle prior to delivery, and Hall had not obtained the required insurance by March 9th.

Viewing this evidence and its inferences in the light most favorable to Gorfin as the party opposing summary judgment, *Leitner v. Leitner*, 391 So. 3d 1023, 1025 (Fla. 5th DCA 2024) (citations omitted), a genuine question of fact exists as to whether the vehicle was physically delivered to Hall on March 9, 2022, and therefore summary judgment was inappropriate. *See Anderson*, 477 U.S. at 251-52 (noting that the inquiry for summary judgment purposes is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

**D. Conclusion**

Section 672.401 required the vehicle to be physically delivered to Hall for title to pass to him on March 9, 2022. To the extent the circuit court determined the vehicle was constructively delivered to Hall on that date, such a finding is insufficient under section 672.401's plain language. Further, as the record reflects a genuine dispute of material fact as to whether the vehicle was physically delivered to Hall, the court erred in granting summary judgment. Accordingly, we reverse and remand for further proceedings.

*Reversed and remanded.*

MAY, LEVINE and KLINGENSMITH JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

7